UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-79-KAC-JEM |
| | ) | |
| CORNELIUS BARNES, JR. and | ) | |
| MICHAEL ALEXANDER MAHONE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Michael Alexander Mahone's Unopposed Motion to Continue Trial and Pretrial Deadlines [Doc. 96], which he filed on February 3, 2026.

Defendant requests the Court to continue the plea deadline, set for February 10, 2026, and the trial, set for March 10, 2026 [*Id.* ¶ 3]. In support of the motion, Defendant states that he was arrested on a criminal complaint on July 12, 2024, and the Court appointed counsel for him at his initial appearance on July 15, 2025 [*Id.* ¶ 1]. The Indictment issued on July 18, 2024, charges Defendant with conspiracy to distribute over fifty grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), conspiracy to distribute over 400 grams of fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), possession with the intent to distribute over fifty grams of methamphetamine and over 400 grams of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and aiding and abetting the possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 [*Id.* ¶ 2]. Defendant Cornelius Barnes, Jr. filed a motion to suppress [Doc. 56], which the undersigned heard

on July 11, 2025, and took under advisement [Doc. 96 ¶ 4]. The undersigned issued a Report and Recommendation [Doc. 89] on December 30, 2025, and Defendants filed objections to the recommendation and the United States filed a response, all of which are currently pending [*See* Docs. 93, 94, 95]. Defendant states that the subject of the Motion to Suppress is evidence seized following execution of a search warrant on July 12, 2024 and argues if it is successful, it will likely result in the dismissal of the indictment against both Defendants [Doc. 96 ¶ 7]. Defendant contends that even if an order on the motion to suppress were issued at this stage, the parties would require additional time based on that ruling to discuss potential plea offers and to prepare for trial [*Id.* ¶ 8]. Defendant submits that additional time will allow the parties to discuss the recent recommendation, await a final ruling related to the suppression motion, and discuss the potential resolution of this matter short of trial [*Id.* ¶ 10]. The motion reflects that the United States is not opposed to the requested continuance [*Id.* ¶ 12]. Defendant has been advised of his speedy trial rights and he agrees to a continuance of this matter [*Id.* ¶ 11].

The motion further reflects that Defendant's counsel spoke to counsel for Defendant Barnes. Defendant Barnes's counsel indicated that he understands his speedy trial rights and is also unopposed to a continuance of this matter [*Id.* ¶ 13].

Based upon the information in Defendant's motion and because the Government and Defendant Barnes do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Mahone the reasonable time necessary for effective preparation, taking into account the exercise of due

diligence. *See id.* § 3161(h)(7)(B)(iv). In this regard, on March 20, 2025, Defendant Barnes filed a dispositive motion seeking to suppress evidence during the execution of a search warrant [Doc. 56]. *See id.* § 3161(h)(1)(D). The undersigned held a hearing on the motion and issued a Report and Recommendation [Doc. 89]. Defendants filed objections and the Government filed its response [*See* Docs. 93, 94, 95]. The District Judge will rule on the motion considering the Report and Recommendation and the parties' filings. *See id.* § 3161(h)(1)(D) & (h)(1)(H). After receiving the Court's ruling, the parties may need time to prepare for trial. The Court finds all of this cannot occur before the March 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Michael Alexander Mahone's Unopposed Motion to Continue Trial and Pretrial Deadlines [**Doc. 96**]. The trial of this case is reset to **July 7, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on February 3, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Michael Alexander Mahone's Unopposed Motion to Continue Trial and Pretrial Deadlines [**Doc. 96**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 7, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 3, 2026**, and the new trial date of **July 7, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 5, 2026**;

(5) the deadline for filing motions *in limine* is **June 22, 2026**, and responses to motions *in limine* are due on or before **June 30, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 23, 2026, at 11:00 a.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 26, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge