UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )                3:24-CR-79-KAC-JEM-1
)
CORNELIUS BARNES, JR., )
)
Defendant. )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court are (1) Defendant Cornelius Barnes, Jr.'s "Motion to Dismiss Count Six of the Indictment" [Doc. 60]; (2) United States Magistrate Judge Jill E. McCook's Report and Recommendation ("Report") [Doc. 87], recommending that the undersigned deny that Motion to Dismiss; and (3) Defendant's Objections to the Report [Doc. 88]. Because *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024) is binding precedent and Defendant failed to show that he is not dangerous, his Second Amendment challenge to Count Six falls flat. As set forth below, the Court (1) **ADOPTS** and **ACCEPTS** the Report's recommendation [Doc. 87], (2) **OVERRULES** Defendant's Objections [Doc. 88], and (3) **DENIES** Defendant's Motion to Dismiss [Doc. 60].

In May 2012, Defendant was sentenced for (1) receiving and concealing a stolen firearm, (2) carrying or possessing a firearm when committing or attempting to commit a felony, and (3) second degree home invasion [*See* Doc. 64-1 at 4, 6 (Judgments)]. In May 2022, Defendant was sentenced for possessing a firearm as a felon, habitual offender, fourth offense [*See id.* at 10 (Judgment)]. The facts underlying this conviction are concerning. In 2019, Defendant entered a home around 11:25 p.m. "armed with a silver handgun" and "announced a hold up" [*See* Doc. 64-2 at 3 (police report)]. Defendant then "began robbing everyone inside" [*Id.*]. A victim

reported that Defendant made the victim "strip down to his briefs" and stole "$300 (US Currency)," an "I-Phone 7, and car keys" from the victim [*Id.*].  It was also reported that two individuals were shot during the robbery—a victim and Defendant [*Id.*].  Defendant was treated for a gunshot wound at a nearby hospital [*Id.*].

A grand jury has now indicted Defendant for dealing significant amounts of methamphetamine and fentanyl (Counts One, Two, Three, and Four) "from on or about June 7, 2024, through on or about July 12, 2024" [*See* Doc. 13].  The grand jury also indicted Defendant for possession of firearms in furtherance of drug trafficking (Count Five), and possession of firearms as a felon "on or about July 12, 2024" (Count Six), in violation of 18 U.S.C. § 922(g)(1) [*Id.* at 3].

Defendant filed a "Motion to Dismiss Count Six of the Indictment," raising a Second Amendment challenge [Doc. 60].  The United States opposed [Doc. 64].  Thereafter, Judge McCook held a hearing on the Motion, where Defendant was able to introduce evidence and make arguments [*See* Doc. 76].  Judge McCook then filed the Report [Doc. 87].  The Report ultimately recommends that the undersigned deny the Motion [Doc. 60] because Defendant's prior criminal "history shows he is dangerous" [Doc. 87 at 8].

Defendant filed timely objections [Doc. 88].  He specifically objects to (1) the Report's reliance "on *Williams*,"[*see id.* at 3], (2) the facial constitutionality of 18 U.S.C. § 922(g)(1) as assessed in *Williams*, [*see id.* at 5], and (3) the Report's conclusion that applying *Williams*, Defendant's "prior convictions are sufficient to categorically define him as 'dangerous,'" [*see id.* at 2].

The United States responded [Doc. 90].  It argues that the Report "[1] correctly applied

2

controlling Sixth Circuit precedent, [2] thoroughly considered Defendant's criminal history and the conduct underlying his prior convictions, and [3] properly concluded that Defendant failed to carry his burden of demonstrating that he is not dangerous" [*See* Doc. 90 at 1].

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a Party makes a timely objection under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim P. 59(b)(3) ("district judge must consider de novo any objection to the magistrate judge's recommendation").

The Second Amendment enshrines a fundamental, individual right. *See Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008); *see also McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). But that right "is not unlimited." *See Heller*, 554 U.S. at 626. Under *United States v. Williams*, the Court must "first ask whether 'the Second Amendment's plain text' covers [the defendant's] conduct." *See* 113 F.4th at 648 (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022)). "If so, then the Constitution presumptively protects it," and the Court "ask[s] whether the modern regulation is 'relevantly similar' to laws that our tradition has historically embraced." *Id.*

Defendant challenges the constitutionality of *Williams* [*See* Doc. 88 at 3]. But *Williams* is published, binding Sixth Circuit precedent. *See Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (a "prior decision remains controlling authority unless an inconsistent decision of

3

the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." (cleaned up)). And it binds this district court in the Sixth Circuit. *See id*; *see also Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2665 (2025) (Gorsuch, J., concurring in part and dissenting in part) ("judges are duty-bound to respect 'the hierarchy of the federal court system created by the Constitution and Congress.'" (quoting *Hutto v. Davis*, 454 U.S. 370, 375 (1982))). So, this Court faithfully applies *Williams*. And *Williams* forecloses Defendant's facial challenge to the constitutionality of Section 922(g)(1). *See* 113 F.4th at 657; *see also United States v. Morton*, 123 F.4th 492, 500 (6th Cir. 2024).

That leaves Defendant's as-applied challenge. Under *Williams*, "our nation's history and tradition" generally "demonstrate that Congress may disarm individuals they believe are dangerous." 113 F.4th at 657. But the defendant "must have a reasonable opportunity to prove" that he does not "fit the class-wide generalization." *Id.* at 661. The defendant bears the burden "to show he's not dangerous." *See id.* at 662. The Court focuses "on each individual's specific characteristics." *Id.* at 657. "That necessarily requires considering the individual's entire criminal record." *Id.* The Court may consider "other judicially noticeable information" too. *Id.* at 660.

"[C]ertain categories of past convictions are highly probative of dangerousness." *Id.* at 657. "[C]rimes against the person," like "murder, rape, assault, and robbery," "speak directly to whether an individual is dangerous." *Id.* at 658. "It is hard to see how someone who commits such a dangerous and violent act may overcome the presumption that they are dangerous." *Id.* At a minimum, crimes against the person provide "strong evidence that an individual is dangerous." *Id.* And the individual's burden to show otherwise "would be extremely heavy." *Id.* Other crimes that "pose a significant threat of danger" and "often lead[] to violence,"

4

like burglary, "put someone's safety at risk, and thus [also], justify a finding of danger." *Id.* at 659, 663.

Here, Defendant has failed to show that he is not dangerous. His entire "specific characteristics" show a pattern of committing violent crimes that "put someone's safety at risk." *Id.* The facts underlying Defendant's most recent 2022 conviction acutely demonstrate his dangerousness. Defendant unlawfully entered a home armed with a firearm, instructed a victim to "strip down to his briefs," robbed that victim at gunpoint, and shot another victim [*See* Doc. 64-2 at 3 (police report)]. Defendant was shot too [*See id.*]. Defendant ultimately pleaded to possession of a firearm as a convicted felon, habitual offender, fourth offense [*See* Doc. 64-2 at 10 (Judgment)]. But the facts supporting that conviction show that Defendant committed an actual crime against the person. And he has not put forth evidence showing that he is no longer dangerous. *See Williams*, 113 F.4th at 662.

Even if the Court only considered Defendant's "criminal record," limiting itself to the judgments of conviction, Defendant has failed to show that he is not dangerous. *See Williams*, 113 F.4th at 657-58. In 2012, Defendant was convicted of (1) receiving and concealing a stolen firearm, (2) carrying or possessing a firearm when committing or attempting to commit a felony, and (3) second degree home invasion [*See* Doc. 64-1 at 4, 6 (Judgments)]. Unlawfully entering an individual's home "pose[s] a significant threat of danger," "often leads to violence," and "put[s] someone's safety at risk," "justify a finding of danger." *See Williams*, 113 F.4th at 659, 663. Even more so when the person unlawfully entering the home is armed [*See* Doc. 64-1 at 4, 6 (Judgments)]. In 2019, Defendant again possessed a firearm as a felon, another crime that placed others at risk of danger (even setting aside the actual danger and violence that resulted) [*See id.* at

5

10 (Judgment)]. A few years later, in 2024, Defendant was allegedly conspiring to distribute large quantities of methamphetamine and fentanyl [*See* Doc. 13]. "Drug trafficking is a serious offense that, in itself, poses a danger to the community." *See Williams*, 113 F.4th at 659. And Defendant allegedly possessed firearms in furtherance of the drug trafficking conspiracies, making an already dangerous situation readily deadly [*See* Doc. 13 at 2-3]. *See Williams*, 113 F.4th at 659, 663.

And Defendant has not met his burden to show that he was not dangerous on or about July 12, 2024 when he allegedly possessed a firearm. *See Williams*, 113 F.4th at 658. An individual with "numerous violent felonies" is "exactly the type of individual our history and tradition allow Congress to disarm." *See United States v. Parham*, 119 F.4th 488, 496 (6th Cir. 2024) (citation omitted). The Sixth Circuit has rejected the argument that the Court cannot consider certain "convictions due to their age." *See United States v. Taylor*, 165 F.4th 1029, 1036 (6th Cir. 2026) (considering convictions that were "12 years old at the time of" indictment). And the age of Defendant's convictions does not change the analysis given Defendant's pattern of dangerous behavior over time. In the end, Defendant did not meet his burden to show that he was not dangerous at the relevant time. *See Williams*, 113 F.4th at 663.

As set forth above, the Court (1) **ADOPTS** and **ACCEPTS** the Report's recommendation [Doc. 87], (2) **OVERRULES** Defendant's Objections [Doc. 88], and (3) **DENIES** Defendant's "Motion to Dismiss Count Six of the Indictment" [Doc. 60].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

6