UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-79-KAC-JEM |
| | ) | |
| CORNELIUS BARNES, JR. and | ) | |
| MICHAEL ALEXANDER MAHONE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Cornelius Barnes's Motion to Continue Trial [Doc. 105] and Codefendant Michael Mahone's Motion to Join Motion to Continue Trial and Pretrial Deadlines [Doc. 106], which were both filed on June 5, 2026.

Defendant asks the Court to continue the July 7, 2026 trial date and all other deadlines [Doc. 105 p. 1]. In support of his motion, Defendant states that he is charged with violating 21 U.S.C. §§ 846, 841, and 18 U.S.C. §§ 922 and 924. [*Id*. ¶ 1]. Defendant explains that a Motion to Suppress was filed in this matter, that a hearing was held on July 11, 2025, and that a Report and Recommendation was issued on December 23, 2025 [*Id.* ¶ 2 (citing Docs. 76, 89)]. The Defendants filed objections to the recommendation, and the Government filed a response [*Id.* (citing Docs. 93, 94, 95)]. On June 3, 2026, the Court issued an Order denying the Defendants' Motion to Suppress and adopted relevant portions of the Report and Recommendation [*Id.* (citing Doc. 104)]. Defendant asserts that based upon the Court's recent ruling, the parties need additional time to discuss potential plea offers and to prepare for trial [*Id.*]. Defendant is in remote detention

in Laurel County, Kentucky and represents additional time is needed to meet with his counsel to prepare for trial [*Id.* ¶ 3]. Accordingly, Defendant requests a continuance of the trial date along with the plea deadline, as additional time will allow the parties to discuss the recent ruling related to the suppression motion and discuss the potential resolution of this matter short of trial [*Id.* ¶ 4]. Defendant represents he was advised of his rights under the Speedy Trial Act and that he agrees to a continuance of this matter [*Id.* ¶ 5]. The Government does not object to the requested relief [*Id.*].

Codefendant Mahone filed a Motion to Join Motion to Continue Trial and Pretrial Deadlines and represents that he is similarly situated to Defendant in that he recently received the Court's Order Denying the Motion to Suppress and accordingly needs additional time to discuss a potential resolution short of trial and otherwise prepare for trial [Doc. 106 ¶¶ 1–2]. Codefendant Mahone states that he understands his right to a speedy trial and agrees to a continuance of this matter [*Id.* ¶ 3].

Based upon the information in Defendants' motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendants need more time to consult with their counsel, consider a plea agreement, and otherwise prepare for trial. The Court finds that all of this cannot occur before the July 7, 2026 trial date.

The Court therefore **GRANTS** Defendant Cornelius Barnes's Motion to Continue Trial [**Doc. 105**] and Codefendant Michael Mahone's Motion to Join Motion to Continue Trial and Pretrial Deadlines [**Doc. 106**]. The trial of this case is reset to **November 17, 2026**. A new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motions on June 5, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Cornelius Barnes's Motion to Continue Trial [**Doc. 105**] and Codefendant Michael Mahone's Motion to Join Motion to Continue Trial and Pretrial Deadlines [**Doc. 106**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **November 17, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **June 5, 2026**, and the new trial date of **November 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 16, 2026**;

(5) the deadline for filing motions *in limine* is **November 2, 2026**, and responses to motions *in limine* are due on or before **November 10, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 3, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 6, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

4