UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-79-KAC-JEM |
| | ) | |
| CORNELIUS BARNES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Unopposed Joint Motion to Continue Trial [Doc. 111] filed by Defendant Cornelius Barnes, Jr. on October 16, 2026.

Defendant Barnes asks to continue the November 17, 2026, trial date and October 16, 2026, plea deadline [*Id.* ¶ 5]. In support of the motion to continue, Defendant contends that the codefendant in this case pleaded guilty on October 1, 2026 [*Id.* ¶ 2]. Defendant argues that Defendant Mahone's change of plea has changed the trial strategy and will require additional time for counsel to review Defendant Mahone's plea, assess potential opportunities for cooperation, "review newly relevant discovery or statement disclosures that may arise under the Jencks Act or Federal Rule of Criminal Procedure 16, and reformulate a targeted defense strategy tailored to a single-defendant trial" [*Id.* ¶ 3]. Defendant is also being held in Laurel, Kentucky, which will require additional time to allow counsel to meet and confer with Defendant regarding potential resolutions to the case [*Id.* ¶ 4]. Defendant is aware of his speedy trial rights and he understands the time between the filing of the motion and the new trial date is fully excludable under the Speedy Trial Act [*Id.* ¶ 6]. Defendant further asserts that a continuance will serve the ends of justice and

that failing to do so would not allow counsel to prepare the case for trial [*Id.* ¶ 7]. The Government has no objection to a trial continuance [*Id.* ¶ 8].

Based upon the information in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time to review Defendant Mahone's plea and "newly relevant discovery or statement disclosures that may arise under the Jencks Act or Federal Rule of Criminal Procedure 16," and discuss new trial strategy involving only one defendant [Doc. 111 ¶ 3]. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant also needs additional time to develop trial strategy and prepare the case for a trial with only one defendant. *See id*. The Court finds that all of this cannot occur before the November 17, 2026, trial date.

The Court therefore **GRANTS** Unopposed Motion to Continue Trial [**Doc. 111**]. The trial of this case is reset to **March 2, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 16, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue Trial [**Doc. 111**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 2, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 16, 2026**, and the new trial date of **March 2, 2027,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 29, 2027**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **February 16, 2027, at 1:00 p.m.**;

(6) the deadline for filing motions *in limine* is **February 15, 2027,** and responses to motions *in limine* are due on or before **February 23, 2027**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 19, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge